25 C.C.P.A. (Patents)

## In re O'NEILL.
### Patent Appeal No. 3945.

Court of Customs and Patent Appeals.
April 4, 1938.

John J. Rogan, of New York City (Paul Kolisch, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Having allowed several claims, the Primary Examiner of the United States Patent Office rejected claims 6, 7, 8, 10, 15, 16, 21, 23, 24, 26, and 27 in appellant's application for a patent relating to an electron discharge device, which rejection was affirmed by the Board of Appeals. From the decision of the Board, appellant has here appealed.

Claim 6 is illustrative of all the appealed claims and follows:

"6. In combination, a single length of straight wire carrying a continuous coating of insulating material, said wire being doubled upon itself intermediate its free ends, the doubled length being bent back upon itself to form a substantially non-inductive compact bundle of closely adjacent strands, a single bore metal sleeve within which the bundle is mounted, and a coating of electron-cmissive material on said sleeve, all the bends of said bundle being insulated from said sleeve by said insulation."

The alleged invention relates to an electron discharge device such as is used in radio tubes, and consists of an indirectly heated cathode for use therein. The cathode comprises a metal tube having an exterior coating of electron-emissive material and inclosed within the tube is an insulated heater wire which is in the shape of a long hair-pin which has been doubled back on itself so as to form what is known as an "M" type heater with the free ends somewhat longer than the intermediate portions. The wire is insulated and the protruding ends are also so insulated at the bends as to protect them from contact with the sleeve, the insulation being with a material which will not split open at the bends.

The references relied upon are: Robinson (Brit.) 278,787, October 7, 1927; French patent No. 718,982, November 13, 1931.

The French patent (corresponding to United States patent No. 2,041,286 of Erber et al.) which seems to have been issued to Gustave Ganz & Co., shows an indirectly heated cathode for an electric discharge device having a metal tube which has an external coating of electron-emissive material, which tube incloses an electrical heater wire ,which is laid in four folds traveling back and forth within the cathode tube. Each fold is inclosed in a separate insulating tube which prevents metallic contact between the folds or sections of the heater wire. The inventor states that instead of using insulating tubes, the heater wire itself may be coated with insulation.

The British patent to Robinson is for thermionic cathodes. It discloses a heater formed from a straight wire bent back upon itself to make it substantially "V" shaped and the patent states that the wire may be coated with insulation. It is also stated that: " * * * The heating member may of course take any desired form and may be in the form of a straight filamentary conductor, or it may consist of a helically wound filament in which case the two ends of the helix may be welded to lead-in wires which preferably fit into the inside of the helix."

334

The Examiner rejected all the appealed claims as being unpatentable over the French patent 718,982, particularly in view of the British patent 278,787. The Examiner stated that: " * * * Although the French patent discloses a 'helical' heater for greater filament length concentration in a given heater space, it is deemed an obvious matter, if such great heater wire concentration were not desired to make the heater of 'straight' sections instead. Furthermore, the British patent 278,787 clearly discloses the use of a 'straight' heater which is coated with insulation and bent back sharply in the form of a hair-pin to reduce its external magnetic field, thus reducing hum. In view of this disclosure it is not deemed to involve invention in making the heater sections in the French patent 'straight' instead of 'helical.' "

Before the Board, attention was called to the fact that in Robinson the insulation was removed at the bends because it is stated that the insulation cracked at that point. Appellant argued there, as he argues here, that none of the art cited discloses a flexible coating of insulation suitable for bending without cracking. This is the main feature which appellant has stressed here. It will be noted that the allowed claims cover the particular material used for the coating.

We are in agreement with the Patent Office tribunals that the claims on appeal call for nothing inventive over the cited prior art. Appellant argues at length that he has solved the difficult problem, which others had unsuccessfully tried to solve, of getting into a metal sleeve, of the smallest possible diameter, the greatest length of resistance wire so that the tube can be operated on a much higher voltage than that previously employed, without interfering with the proper operation of the tube, and without materially enhancing its cost, and that he has produced a commercially satisfactory cathode. There is nothing in the claims on appeal which limits the size of the wire and the success claimed to be obtained might have been brought about solely by the particular kind of material used in the coating.

 The fact that the appellant's structure is in some respects new and that it works satisfactorily or that it is an improvement over all old structures does not necessarily imply that it is the result of invention. While the cathode art is comparatively a new one and involves highly scientific considerations, it is thought that what appellant has done, as expressed in the appealed claims, could be accomplished by those skilled in the art without the exercise of the inventive faculty.

The decision of the Board of Appeals is affirmed.

Affirmed.